UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BERNT WALTHER VONGRABE, | ) | Case No. 6:04-bk-11213-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| BERNT WALTHER VONGRABE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-217 |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHLEEN MECS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| BERNT WALTHER VONGRABE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-218 |
| | ) | |
| vs. | ) | |
| | ) | |
| SPRINT CORPORATION, | ) | |
| GARY D. FORSEE, | ) | |
| IRVINE O. HOCKADY, JR., | ) | |
| HAROLD S. HOOK, | ) | |
| LINDA KOCH LORIMER, | ) | |
| CHARLES E. RICE, | ) | |
| RON SOMMER, | ) | |
| TURLEY STEWART, | ) | |
| LOUIS W. SMITH, | ) | |
| AUSLEY DUBOSE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| BERNT WALTHER VONGRABE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-226 |
| | ) | |
| vs. | ) | |
| | ) | |
| SPRINT COMMUNICATIONS COMPANY, LP, JULE A. ZAMARRIPA, SPRINT CORPORATION POLITICAL ACTION, THE BOARD OF DIRECTORS SPRINT CORPORATION, GARY FORSEE, CHAIRMAN, THE PRINCIPALS OF FISH & RICHARDSON ET AL., | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BERNT WALTHER VONGRABE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-252 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DEMOCRATIC NATIONAL COMMITTEE, HAROLD MCEWEN ICKES, TERRY MCAULIFFE, DIRK EDWARD ZIFF, JOHN DOES 1 THROUGH 12, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) ) | |

## MEMORANDUM OPINION
## DENYING DEBTOR'S MOTION TO DEFER ENTRY OF
## DISCHARGE AND GRANTING DEFENDANTS'
## MOTIONS TO DISMISS ADVERSARY PROCEEDINGS

The debtor, Bernt VonGrabe, representing himself, has filed four adversary proceedings against numerous defendants each seeking to recover on claims he has against them. Each of the defendants have filed motions to dismiss (Adversary Proceeding 04-217, Doc. No. 47; Adversary

Proceeding 04-218, Doc. Nos. 44 and 75; Adversary Proceeding 04-226, Doc. Nos. 49 and 78; Adversary Proceeding 04-252, Doc. No. 47), asserting that this Court lacks subject matter jurisdiction to proceed with the adversary proceedings.  The debtor also asked the Court to defer entry of his discharge (Doc. No. 94).  For the reasons stated below, the Court finds that it does indeed lack subject matter jurisdiction to proceed with the adversary proceedings, will alternatively abstain to the extent that related jurisdiction exists, and finds that it would be inappropriate to rescind or further defer entry of the debtor's discharge in the case.

The debtor filed this Chapter 13 case on October 13, 2004.  For various reasons, including the fact that the debtor has no regular, on-going income, on March 4, 2005, the debtor voluntarily requested to convert this Chapter 13 case to a liquidation proceeding under Chapter 7 (Doc. No. 50).  The order converting the case to Chapter 7 was entered on March 14, 2005 (Doc. No. 55).  Emerson C. Noble was appointed as the Chapter 7 trustee.

Upon Mr. Noble's appointment, he quickly determined that none of the debtor's four referenced adversary proceedings would result in any recovery to the debtor's creditors or merited further litigation by him on behalf of the debtor's estate.  Accordingly, on May 18, 2005, the trustee filed a Report of No Distribution.  The Report indicates that Mr. Noble made a diligent effort and inquiry into the financial affairs of the debtor and the location of property belonging to the estate and discovered that there was no property available for distribution from this estate.  Therefore, Mr. Noble certified that the estate was fully administered and requested the he be discharged from any further duties or liabilities.

Shortly thereafter, on June 17, 2005, Mr. Noble filed a formal Notice of Abandonment of Property (Main Case, Doc. No. 82), specifically abandoning any property that is the subject of the four adversary proceedings.  He determined that any further administration of the claims would be burdensome to the estate.  Therefore, abandonment is appropriate.  See In re Pilz

Compact Disc, Inc., 229 B.R. 630, 639 (Bankr.E.D.Pa.1999) (When assets are abandoned pursuant to Bankruptcy Code Section 554, the trustee and the court need only determine that the property sought to be abandoned is: (1) burdensome to the estate, or (2) of inconsequential value. "In making this determination, the trustee is guided by the best interests of the estate, not necessarily the interests of the debtor and creditors.") (citations omitted).  The trustee perceives absolutely no value in litigating the debtor's claims and does not intend to litigate the debtor's claims. As such, the estate has no assets. The debtor's estate is fully administered and is ready to close.

Further, on July 5, 2005, the debtor received his Chapter 7 Discharge (Doc. No. 92).  The discharge will enable the debtor to begin a fresh start without the continuing threat of collection by his unsecured creditors, who hold claims exceeding $180,000.  The debtor is an elderly man with significant health concerns.  He will very much benefit from this fresh start, if he chooses to do so.

The debtor, however, desperately wants to continue litigating the four adversary proceedings filed with the Bankruptcy Court.  The record is replete with indicia that the debtor has filed similar litigation throughout the country against these and other defendants.  The debtor also has a demonstrated history that he is a prolific litigator, if not a professional plaintiff.  These four particular adversary proceedings relate to the following claims:

Adversary Proceeding 04-217:

- In this adversary proceeding, the debtor sues his former wife, Kathleen Mecs, for allegedly unpaid alimony of approximately $36,000.  The defendant denies the allegations; more significantly, alimony is not included in the debtor's estate, and any recovery eventually awarded would be exempt from claims of the debtor's creditors.  The Chapter 7 trustee would never administer these funds.

Adversary Proceeding 04-218 and 04-226:

- In these adversary proceedings, the debtor asserts claims against Sprint's Board of Directors and several individuals. The claims include intentional breach of fiduciary duty and various federal civil rights claims. A jury trial is requested. The amount sought by the debtor exceeds $10,000,000.

- The trustee understandably has abandoned any interest in pursuing this litigation on behalf of the debtor's estate based on the nature of the claims raised and the cost of litigating these types of claims. Based on the trustee's abandonment, he would never administer any amount awarded in the litigation.

Adversary Proceeding 04-252:

- In this adversary proceeding, the debtor sues his former business associates for various losses he incurred as well as for some additional claims including conspiracy and federal civil rights violations. Again, after evaluating the validity of the claims asserted and the complexity of the litigation, the trustee reasonably decided to abandon the estate's interest in the litigation. The trustee would never administer any proceeds awarded in the litigation.

Although the Court makes no determination as to whether any of the claims asserted by the debtor are valid or not, the Court agrees that the claims are complex. Any litigation would be time consuming and extensive, both for the parties and for the Court. Moreover, if any award were granted in any of the four adversary proceedings, the judgment amounts would never be administered by the Chapter 7 trustee or distributed in connection with this Chapter 7 case.

Mr. Noble's abandonment of the claims revests the claims with the debtor. Pilz Compact Disc, 229 B.R. at 638 ("Abandonment…removes property from the bankruptcy estate and

returns the property to the debtor as though no bankruptcy occurred.") (citations omitted). Upon abandonment, the Court's jurisdiction over the claims the debtor asserts in his adversary proceedings is limited. As set forth in Title 28 U.S.C. § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990), the Court of Appeals for the Eleventh Circuit adopted the test articulated in Pacor, Inc., v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984), for determining whether a civil proceeding is sufficiently "related to" bankruptcy to confer federal jurisdiction. The appropriate test is "whether the outcome of the proceeding could conceivably have an effect on the bankruptcy estate" or alter the debtor's rights, liabilities, options, freedom of action, which in any way impact the administration of the estate. Lemco Gypsum, 910 F.2d at 788 (quoting 743 F.2d at 994).

Based on the Pacor test, the Court easily can conclude it is without jurisdiction to hear the claims raised in the instant adversary proceedings. Again, the trustee has filed a report of no distribution, a notice of abandonment, and the debtor's discharge has issued. The resolution of these claims will not affect the debtor's estate or the allocation of assets among his creditors; any potential judgment amounts will not be administered by the Chapter 7 trustee or distributed to the debtor's creditors in this Chapter 7 case. "Where an asset has been abandoned by the Trustee, that asset is no longer a part of the bankruptcy estate." In re Bray, 288 B.R. 305, 307 (Bank. S.D.Ga. 2001) (citation omitted). "As a result, the property reverts back to its pre-bankruptcy status, and that asset is properly removed from the jurisdiction of the bankruptcy court." Id. (citing Dewsnup v. Timm (In re Dewsnup), 908 F.2d 588, 591 (10th Cir.1990) *aff'd,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); accord, State v. Lange (In re Lange), 120 B.R. 132, 135 (B.A.P. 9th Cir.1990), e.g., DeVore v. Marshack (In re DeVore), 223 B.R. 193, 200 (B.A.P.

9th Cir. 1998)). Thus, the debtor is now revested with the right to pursue his assorted claims against the various defendants in a more appropriate forum, if he chooses.

Moreover, to any degree this Court may, conceivably, retain any jurisdiction over the claims asserted in these adversary proceedings, pursuant to 28 U.S.C. Section 1334(c)(1), the Court finds it appropriate to abstain.  Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

"Under this commonly called discretionary or permissive abstention provision, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law." In re United Container LLC, 284 B.R. 162, 176 (Bankr.S.D.Fla.2002) (citing In re Gober, 100 F.3d 1195, 1206 (5th Cir.1996) citing In re Wood, 825 F.2d 90, 93 (5th Cir.1987).  In United Container LLC, the Bankruptcy Court for the Southern District of Florida noted the factors courts generally consider when determining whether discretionary abstention is appropriate, several of which militate strongly in favor of abstention here. See 284 B.R. at 176-77 (listing 14 factors). To wit, the lack of effect abstention will have on the efficient administration of the bankruptcy estate, the remoteness of the adversary claims to the main bankruptcy case, the burden on this court's docket, the complexity of many of the claims raised, the existence of the right to a jury trial, and the presence of multiple non-debtor parties in the proceedings. Id. Indeed, in the event the court does have some remote "related to" jurisdiction over the asserted claims, there is simply no reason to entertain the cases in this forum; doing so will only delay the closing of this case, which is fully administered. For these reasons, the Court will grant the Motions to Dismiss filed in each of the four adversary proceedings.  The adversary proceedings will be dismissed.

Lastly, the Court will address Mr. VonGrabe's request to defer entry of his discharge, requested pursuant to Bankruptcy Rule 4004(c), which provides that the court shall, with certain exceptions, grant a discharge after the expiration of the time for filing a complaint objecting to discharge and the time for filing a motion to dismiss the case. Here, the debtor has asked the court to defer the entry of his discharge pursuant to Bankruptcy Rule 4004(c)(2), which provides that "on motion of the debtor, the court may defer the entry of an order granting discharge for 30 days, and, on motion within that period, the court may defer entry of the order to a date certain."

Initially, the Court notes that, in this case, the debtor received his discharge on July 5, 2005, before the debtor asked to defer entry of his discharge. But, even assuming that rescission of the already entered discharge is allowed under the rule as a substitute for deferral, the Court concludes that, in this case, rescission is not appropriate. Mr. VonGrabe will benefit significantly from his discharge. He has substantial debts but no income or available assets to liquidate to pay these debts. He has articulated no justification for rescinding his discharge, other than he would like to continue with the litigation of the four adversary proceedings. A debtor's desire to continue litigation that will result in no benefit to his estate is not a basis to rescind a discharge properly and timely entered. Accordingly, the debtor's Motion Pursuant to 11 U.S.C. 4004 Deferring the Entry of an Order Granting Discharge (Doc. No. 94) is denied.

Separate orders consistent with this memorandum opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on the 31st day of August, 2005.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  POB 4303, St. Augustine, FL  32085

Chapter 7 Trustee:  Emerson C. Noble, P.O. Box 2968, Winter Park, FL  32790

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

All Creditors and Interested Parties

Nancy E. Brandt, Bogin Munns & Munns, P.O. Box 2807, Orlando, FL  32802

Roy S. Kobert, P.O. Box 4961, Orlando, FL  32802

John R. Hamilton, Foley & Lardner, 111 N. Orange Ave., Suite 1800, Orlando, FL  32801

Harold McEwen Ickes, c/o The Ickes & Enright Group, 1300 Connecticut Ave., NW, Suite 600, Washington, DC  20036

Terry McAuliffe, Chairman of the DNC, 430 S. Capitol Street, SE, Washington, DC  20003

Jason A. Rosenthal, Foley & Lardner, 111 North Orange Ave., Suite 1800, Orlando, FL  32801